## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**BERTHA RENE HOLLINS**                                        **PLAINTIFF**

**V.**                              **CIVIL ACTION NO.  3:14CV459 CWR-LRA**

**CAROLYN W.  COLVIN,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**               **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Bertha Hollins appeals the final decision denying her application for Disability Insurance Benefits ("DIB").  The Commissioner requests an order pursuant to 42 U.S.C. § 405(g), affirming the final decision of the Administrative Law Judge.  Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, the undersigned recommends that the decision be affirmed.

### Factual and Procedural Background

Hollins has not worked since undergoing a hysterectomy in February 2011.  On April 1, 2011, she protectively filed a DIB application alleging she became disabled on February 14, 2011, due to back and foot pain, diabetes, arthritis, muscle spasms, migraines, an ulcerated stomach, high blood pressure, and carpal tunnel syndrome.  She was 46 years of age on her alleged onset date with past work experience as a cook, sales associate, and restaurant manager.  Following agency denials of her application, an Administrative Law Judge ("ALJ") rendered an unfavorable decision finding that she had not established a disability within the meaning of the Social Security Act.  The Appeals Council denied Plaintiff's request for review.  She now appeals that decision.

Upon reviewing the evidence, the ALJ concluded that Hollins was not disabled under the Social Security Act.  At step one of the five-step sequential evaluation,[1] the ALJ found that she had not engaged in substantial gainful activity since her onset date of February 14, 2011.  At steps two and three, the ALJ found that although Plaintiff's diabetic neuropathy, degenerative disc disease, and obesity were severe, they did not meet or medically equal any listing.  At step four, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work, except:

> she requires the option to stand and move about briefly (i.e., no more than three minutes) after sitting for thirty minutes; should never climb ladders, ropes or scaffolds and should only occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs; avoid moderate exposure to pulmonary irritants including fumes, odors, dusts, gases, poor ventilation and chemicals; should avoid even moderate exposure to hazards including moving machinery and unprotected heights; limited to performing only simple, routine tasks.[2]

Based on vocational expert testimony, the ALJ concluded at step five, that given Plaintiff's age, education, work experience, and residual functional capacity, she could perform work as a nut-sorter, thread-separator, and ampule-sealer.

### Standard of Review

Judicial review in social security appeals is limited to two basic inquiries: "(1)

---

[1]Under C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantial gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Sub-part P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform?  *See also McQueen v. Apfel*, 168 F.3d 152,154 (5th Cir. 1999).

[2]ECF No.  6, p. 18.

whether there is substantial evidence in the record to support the [ALJ's] decision; and (2)

whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d

726, 728 (5th Cir. 1996) (citing *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991)).

Evidence is substantial if it is "relevant and sufficient for a reasonable mind to accept as

adequate to support a conclusion; it must be more than a scintilla, but it need not be a

preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v.

Sullivan*, 954 F.2d at 295 (5th Cir. 1992)). This Court may not re-weigh the evidence, try

the case *de novo*, or substitute its judgment for that of the ALJ, even if it finds evidence

that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th

Cir. 1994).

**Discussion**

Hollins argues that the Commissioner's decision should be reversed or

alternatively remanded because the ALJ failed to properly consider her treating

physician's opinion, and improperly relied on the opinion of a non-examining physician.

Specifically, Hollins contends that in evaluating the opinion of her treating

physician, Dr. Augustus Soriano, the ALJ did not consider each of the six factors as

required by 20 C.F.R. § 404.1527(d)(2). The Fifth Circuit has long held that "absent

reliable medical evidence from a treating or examining physician controverting the

claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only*

if the ALJ performs a detailed analysis of the treating physician's views under the criteria

set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir.

2000) (emphasis in original).  The statutory analysis requires the ALJ to consider the

length of treatment; the frequency of examination; the nature and extent of the treatment

relationship; the extent to which his opinions were supported by the medical record; the

consistency of his opinion with the record as a whole; and the specialization of the

physician. *Id.*

In the present case, medical records establish that Plaintiff was treated by Dr.

Soriano from April 2011 through September 2012, and that he frequently noted that she

was permanently disabled and unable to return to work.  Yet, no comprehensive physical

examination is reflected in his treatment records.  In a medical source statement submitted

in June 2012, Dr. Soriano opined that based on Plaintiff's lumbar spondylosis, bilateral

sacrolitis, peripheral arterial disease, diabetes, diabetic neuropathy, and hypertension, she

could lift and carry no more than 20 pounds, and could sit/stand/and walk no more than 2

hours.  He also opined that she would need to shift sitting/standing/walking positions at

will; would need to lie down at unpredictable intervals; and, would need to elevate her

legs.  She would also be unable to perform any postural or manipulative functions, and

would need to avoid concentrated exposure to noise; moderate exposure to wetness,

fumes, odors, dusts, gases, poor ventilation; and, all exposure to extreme temperatures

and hazards, including machinery, heights, etc.[3]

As an initial matter, Dr. Soriano's opinion that Plaintiff is permanently disabled is

an issue reserved for the Commissioner and, as such, it is not entitled to controlling

weight.  20 CFR § 404.1527 (e)(1).  Although the ALJ stated that she had considered

opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527, it is clear

that she did not follow the statutory analysis before rejecting Dr. Soriano's opinion.  As to

the first three factors, the ALJ never identified Dr. Soriano as Plaintiff's treating

physician, and did not analyze the frequency, nature, or extent of their treatment

relationship.  As to the remaining factors, the ALJ simply stated that:

> Little weight has been given to this opinion, as it is not supported by his
> treatment records or diagnostic studies, including an MRI of the lumbar
> spine showing only "mild" disc bulging.[4]

However, *Newton* specifically states that the statutory steps must be followed

"absent reliable medical evidence from a treating or examining physician controverting

the claimant's treating specialist."  209 F.3d at 453; *see also Qualls v. Astrue,* 339 F.

App'x. 461, 466 (5th Cir. 2009).  Post *Newton,* cases have also clarified that the statutory

analysis is required only in the absence of competing first-hand medical evidence.  *Frank*

*v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003); *Nall v. Barnhart*, 78 F. App'x. 996 (5th

Cir. 2003).  The ALJ was presented with competing first-hand medical evidence in this

---

[3]ECF No. 6, pp. 239-243.

[4]ECF No. 6, p. 21.

case.

In weighing the evidence of record, the ALJ noted Plaintiff's documented complaints of foot and back pain, as well as an EMG/Nerve Conduction Study from April 2011 showing "evidence of sensory motor neuropathy consistent with [a] known diagnosis of diabetes."  Although Plaintiff alleged swelling in her legs and feet, the ALJ noted that swelling was observed on a few occasions.  The ALJ also cited treatment records from Dr. Kelley Gowdy, who treated Plaintiff from May 2012 through October 2012.  Like Dr. Soriano, the record indicates that Dr. Gowdy treated Plaintiff for a variety of ailments, including hypertension, diabetes, migraines, joint pain, and back pain.  And, like Dr. Soriano, Dr. Gowdy's objective examinations lack any clinical findings and diagnostic studies supporting the degree of limitations contained in Dr. Soriano's medical source statement.  On the contrary, Dr. Gowdy's treatment records indicate that Plaintiff had made diet modifications, was compliant with her medication, and was "doing well." She was also advised to exercise daily and had no edema.[5]

In addition to these records, the ALJ noted that a MRI of Plaintiff's lumbar spine revealed only minimal disc bulging at L4-5 and L5-S1.  Plaintiff finds it significant that the MRI was ordered and reviewed by Dr. Soriano; she claims it stands as the objective basis for her back problem and for his opinion concerning same.  But Dr. Soriano's contemporaneous records do not show any analysis of the MRI.  In comparison, the

---

[5]ECF No. 6, pp. 20, 279-292.

radiologist reported that there was "[n]o evidence of significant central or neuroforaminal stenosis within the lumbar spine."[6]

To the extent Plaintiff contends that *Newton* requires first-hand medical evidence to contain a competing medical source statement, her argument is unavailing. "The case law does not indicate that the other first-hand evidence considered or relied on by the ALJ *must* contain an opinion on the plaintiff's ability to perform work-related activities." *Simmons v. Colvin*, Civil Action No. 13-34-JJB-SCR, 2014 WL 6610016, at *5, n.15 (M.D. La., Nov. 20, 2014)(emphasis added) (citing *Zimmerman v. Astrue,* 288 F. App'x 931 (5th Cir. 2008); *Walker v. Barnhart,* 158 F. App'x 534 (5th Cir. 2005); *Cain v. Barnhart*, 193 F. App'x. 357 (5th Cir.2006)); *see also Qualls*, 339 F. App'x. at 466 (ALJ's decision was properly based on the medical opinion of doctors who had treated and examined Plaintiff, and thus had informed, first-hand, knowledge to support their opinions); *Undheim v. Barnhart*, 214 F. App'x 448 (5th Cir. 2007) (ALJ was not required to consider all six regulatory factors in the face of competing first-hand medical

---

[6] ECF No. 6, pp. 293-294. Although the Commissioner cites other evidence and asserts several other reasons in support of the ALJ's decision, the Court cannot state with confidence that such evidence or reasons were considered by the ALJ. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton,* 209 F.3d at 455 (citation omitted).

evidence).

Also, Plaintiff appears "to conflate the concept of a 'relevant medical opinion'
with that of a 'medical source opinion.'" *Clark v. Colvin*, Civil Action No. 3:13CV921,
HTW-LRA, 2014 WL 3779098, *2 (S.D. Miss. July 31, 2014). The fact that Dr. Soriano
was the only treating physician to submit a medical source statement does not render his
opinion "the only relevant medical opinion before this court." *Id.* While there is no
competing medical source statement from a treating or examining physician, there was
first-hand medical evidence from Plaintiff's other treating sources that controverted Dr.
Soriano's medical source statement.

Plaintiff points out that the only other assessment of her functional limitations
comes from the non-examining consulting physician, Dr. Robert Culpepper, and it was
assigned greater weight. But unlike *Newton*, this is not a case where the ALJ summarily
rejected the treating physician's opinion based solely on the opinion of a non-specialty
medical expert who has not examined the claimant. *Newton*, 209 F.3d at 48. The ALJ's
residual functional capacity assessment shows that she did not discount Dr. Soriano's
opinion entirely. She credited his finding that Plaintiff should avoid climbing and
moderate exposure to pulmonary irritants, and she partially credited his finding that
Plaintiff should be able to alternatively sit and stand. Also, while the ALJ assigned
greater weight to Dr. Culpepper's assessment, she did not adopt his opinion that Plaintiff
could perform light work. She specifically declined to adopt his findings that Plaintiff

could have unlimited exposure to pulmonary irritants, and could frequently stoop, kneel, crouch, or crawl.  Instead, the ALJ found that Plaintiff's ability to work was further impeded by her obesity and shortness of breath, limiting her to sedentary work.[7]

The evidence did not support the degree of limitation, however, that Plaintiff alleged.  In assessing Plaintiff's credibility, the ALJ observed that despite her subjective complaints of pain, she acknowledged that she can perform housework if she takes her time; and, despite her testimony that she could not lift anything heavier than a jug of milk, she acknowledged that she lifts her 21-pound grandchild.  The sole responsibility for determining a claimant's residual functional capacity rests with the ALJ, and there is substantial evidence to support the ALJ's residual functional capacity determination and credibility findings in this case.  20 C.F.R. § 404.1546 (c) (2010).[8]

In sum, the ALJ considered the evidence of record and declined to give great weight to Dr. Soriano's opinion given the lack of objective findings and the first-hand medical evidence from other treating physicians.  Although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject any opinion, in whole or in part, when good cause is shown, i.e., when the evidence supports a contrary conclusion, when the opinions are conclusory, or when they are unsupported by medically acceptable clinical, laboratory, or

---

[7]ECF No. 6, pp.  226-233, 239-243.

[8]ECF No. 6, p.  20.

diagnostic techniques.  *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985); *Martinez v. Chater*, 64 F.3d 172 (5th Cir. 1995).  The ALJ's finding that Plaintiff could perform sedentary work subject to the limitations of her residual functional capacity is supported by substantial evidence.

For these reasons, it is the opinion of the undersigned United States Magistrate Judge that Defendant's Motion to Affirm the Commissioner's Decision be granted; that Plaintiff's appeal be dismissed with prejudice; and, that Final Judgment in favor of the Commissioner be entered.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective

December 1, 2009); Douglas v. United Services Automobile Association, 79 F.3d 1415,

1428-29 (5th Cir. 1996).

     This the 10th day of August 2015.

                                 /s/  Linda R. Anderson
                          UNITED STATES MAGISTRATE JUDGE