IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BERTHA RENE HOLLINS**  PLAINTIFF

V.  CAUSE NO. 3:14-CV-459-CWR-LRA

**CAROLYN W. COLVIN, Commissioner**  DEFENDANT
**United States Social Security Administration**

## ORDER

Before the Court is the plaintiff's objection to the Magistrate Judge's Report and Recommendation (R&R). Docket No. 13. The R&R recommends affirming the Commissioner's denial of Supplemental Security Income. Docket No. 12.

The Court has reviewed *de novo* the portions of the R&R to which the plaintiff has objected. 28 U.S.C. § 636(b). It finds that remand is not warranted.

The Fifth Circuit has found that the statutory *Newton* analysis need not be applied where, as in this case, the ALJ was presented with competing first-hand medical evidence from an examining or treating physician. *Qualls v. Astrue*, 339 F. App'x 461, 466-67 (5th Cir. 2009) (citing *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000)).

Hollins takes issue with the fact that some of the record evidence is the opinion of a nurse practitioner instead of a licensed physician. Docket No. 13. Although Hollins is correct in her argument that a nurse practitioner is not an "acceptable medical source," the ALJ cited to sufficient competing first-hand medical evidence from "acceptable medical sources" to support her decision to give Dr. Soriano's medical opinion little weight.[1] Docket No. 6, at 20; See SSR

---

[1] The confusion may have resulted from the fact that Hollins was treated by Nurse Practitioner Kelly Gowdy Docket No. 6, at 282-85, and examined by Dr. Otis Gowdy. Docket No. 6, at 216-20. Although, the ALJ and the Magistrate Judge included opinions of Nurse Practitioner Kelly Gowdy in the ALJ Hearing Decision and the R&R, the ALJ also considered the first-hand medical evidence of Dr. Otis Gowdy. Docket No. 6, at 20. The ALJ also considered

06-03p; 20 CFR § 404.1513(a). Moreover, the ALJ was not required to conduct the *Newton* factors with respect to Soriano's conclusion that Hollins was permanently disabled and unable to work, as this is a determination reserved to the Commissioner. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

Accordingly, the Court adopts the R&R's findings and conclusions as modified and supplemented herein[2], grants the Commissioner's motion to affirm, and denies the plaintiff's motion for summary judgment. A separate Final Judgment will issue this day.

**SO ORDERED**, this the 30th day of September 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

competing medical evidence from Dr. Ronnye D. Purvis, who opined that Hollins had completely healed from her hysterectomy. Moreover, the ALJ determined that the results of an MRI, ordered and reviewed by Dr. Soriano, showing only minimal disc bulge and "no evidence of significant central or neruoforaminal stenosis within the lumbar spine" were inconsistent with Dr. Soriano's medical opinion. *Id*. at 21.

[2] The R&R's reference to Nurse Practitioner Gowdy as "Dr. Kelly Gowdy" appears to have been a clerical error.